IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

**13   004742**

ANTHONY CURATOLO and
FLORENCE CURATOLO a/k/a
HENRIETTA CURATOLO,
on behalf of themselves and
others similarly situated,

Case No. _____ DIVISION H _____

**CLASS ACTION COMPLAINT**

    Plaintiffs,

v.

SETERUS, INC. f/k/a IBM LENDER
BUSINESS PROCESS SERVICES, INC.

**COPY**

    Defendant.

_____/

    Plaintiffs, ANTHONY and FLORENCE CURATOLO a/k/a HENRIETTA
CURATOLO, ("Plaintiffs"), by and through undersigned counsel, on behalf of
themselves and others similarly situated, for this Class Action Complaint against
Defendant, SETERUS, INC. f/k/a IBM LENDER BUSINESS PROCESS SERVICES,
INC. ("SETERUS), allege the following:

## NATURE OF ACTION

    1.    This is an action brought pursuant to Fla. R. Civ. P. 1.220, against
Defendant SETERUS for its routine and systematic breaches of its form loan modification
agreements.

## PARTIES

1

**EXHIBIT**

tabbies

*A*

2.     At all times relevant to this matter, Plaintiffs, Anthony Curatolo and Florence Curatolo a/k/a Henrietta Curatolo, have resided and continue to reside in Dover, Hillsborough County, Florida.

3.     Defendant SETERUS is a mortgage servicer with its headquarters and principal place of business in Beaverton, Oregon. SETERUS services mortgage loans in Oregon, Florida, and throughout the United States. Prior to its legal name change in 2011, SETERUS was known as IBM Lender Business Process Services, Inc.

## JURISDICTION AND VENUE

4.     This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorneys' fees and costs.

5.     Jurisdiction and venue for purposes of this action are conferred by Florida Statute.

6.     The alleged violations described in the Complaint with respect to Plaintiffs occurred in Hillsborough County, Florida, and with respect to proposed Class Members occurred throughout the State of Florida and United States of America.

## NATURE OF THE ACTION

7.     Defendant, SETERUS, is a mortgage servicer. SETERUS markets itself as one of the nation's leading specialty loan servicing companies. SETERUS claims that customer service is a top priority in its interactions with borrowers whose loans it services. Nevertheless, complaint forums on the internet are rife with complaints about service received from SETERUS.

2

8. Plaintiffs and Class Members entered into form Payment Reduction Plans with SETERUS whereby SETERUS agreed to reduce Plaintiffs' and Class Members' monthly mortgage payments.

9. SETERUS unilaterally and uniformly breached the Payment Reduction Plans despite performance by Plaintiffs and Class Members.

## REPRESENTATIVE PLAINTIFFS' ALLEGATIONS

10. SETERUS is the servicer of Plaintiffs' mortgage loan.

11. In September 2010, Plaintiffs suffered a reduction in their income.

12. Shortly thereafter, Plaintiffs contacted SETERUS to determine whether they were eligible for mortgage relief under the federal government's Home Affordable Modification Program (HAMP).

13. SETERUS advised Plaintiffs that they were not eligible for a modification of their mortgage under HAMP because they were not in default on their mortgage, but that it would be willing to discuss with them other loan modification options.

14. SETERUS offered, and Plaintiffs accepted, a Payment Reduction Plan (Exhibit "A") which was presented to them as a long-term loan modification, with a preliminary trial period. Under the terms of the agreement, SETERUS agreed to reduce Plaintiffs' mortgage payment amount from $1,369.71 to $1,036.37. As part of the Plan, Plaintiffs were required to complete a trial period of four (4) months in which they were to make timely payments of the reduced payment amount. Upon completion of the trial period, the Payment Reduction Plan was to become permanent.

3

15.     The Payment Reduction Plan states that the original note, mortgage and other loan documents remain in effect, except to the extent that they are altered by the Payment Reduction Plan.

16.     The Note sets out that late fees of 5% will be charged if the agreed monthly payment is not received by the end of fifteen (15) calendar days after such payment is due.

17.     The Payment Reduction Plan altered the due dates and amounts of certain monthly payments under the original Note and Mortgage. The Note and Mortgage are attached hereto as Exhibits "B" and "C," respectively.

18.     In compliance with the terms of the Payment Reduction Plan, Plaintiffs made four timely payments of $1,036.37 in December 2010, January 2011, February 2011 and March 2011.

19.     Despite making all four payments on time during the trial period, in April 2011, SETERUS sent Plaintiffs a letter falsely stating that their loan was in default and that Plaintiffs owed $2,845.31 by May 22, 2011 (Exhibit "D"), and threatening to accelerate the balance on Plaintiffs' note if such amount was not paid.

20.     Plaintiffs' received an April 2011 statement from SETERUS which accurately reflected Plaintiffs' reduced monthly payments of $1,036.37, but incorrectly added late charges totaling $214.64, showed a past due amount of $2,717.57, and added unexplained "other charges" in the amount of $283.30. Additionally, despite Plaintiffs' four timely payments of the reduced payment amount under the Payment Reduction Plan, SETERUS unilaterally and retroactively regressed the monthly payment back to the original amount of $1,369.71, claiming a total amount due of $4,268.68 (Exhibit "E").

4

21.   Plaintiffs received an additional letter from SETERUS dated April 22, 2011 stating that Plaintiffs' loan was in default and that SETERUS would provide a new deadline for Plaintiffs to cure the past due obligations (Exhibit "F").

22.   Plaintiffs then received a letter from SETERUS dated April 25, 2011, which once again falsely asserted that Plaintiffs' loan was in default and demanding payment of $2,898.97 by May 30, 2011, and threatened that failure to pay which would result in SETERUS accelerating Plaintiffs' loan and foreclosure ("Exhibit G").

23.   In order to avoid the threatened acceleration and foreclosure, Plaintiffs borrowed money from friends to pay the allegedly delinquent amount and made payment of the amount demanded by SETERUS prior to the expiration of their demand.

24.   Plaintiffs' subsequent monthly statements from SETERUS demanded a monthly payment of the original payment amount of $1,369.71, instead of the agreed upon reduced payment amount of $1,036.37.  In addition, the statements reflect additional erroneous "other charges."

25.   SETERUS breached the Note and Mortgage, as modified by the Payment Reduction Plan, by charging late fees and other charges on their payments of the agreed upon reduced payment amount.

26.   In addition, SETERUS breached the Payment Reduction Plan agreement by retroactively regressing Plaintiffs' payment amount back to the original amount of $1,369.71 despite Plaintiffs' timely payments of the reduced payment amount during the trial period.

27.    SETERUS also breached the contract by assessing Plaintiffs "other charges" not authorized by the Payment Reduction Plan, Note or Mortgage and which were not amounts in fact expenses incurred by SETERUS.

28.    As a result of SETERUS' breaches of contract, Plaintiffs have suffered damages.

## CLASS ALLEGATIONS

29.    Pursuant to Fed. R. Civ. P. 1.220, Plaintiffs bring this class action on behalf of themselves and all other people similarly situated (The Class).

30.    Plaintiffs represent, and are members of, The Class, consisting of all persons within the United States who had a mortgage loan serviced by SETERUS and who were charged late fees and other unauthorized charges after timely payments were made to SETERUS during the trial period of a Payment Reduction Plan entered into with SETERUS ("The Class").

31.    In addition, Plaintiffs represent, and are members of the Subclass, consisting of all persons within the State of Florida who, during the four years prior to the filing of the Complaint, had a mortgage loan serviced by SETERUS and who were charged late fees and other unauthorized charges as a result of timely payments made to SETERUS during the trial period of a Payment Reduction Plan entered into with SETERUS ("The Subclass").

32.    Plaintiffs properly bring this action as a class action under Fla. R. Civ. P. 1.220 for the following reasons:

6

a.   This Class and Subclass consists of thousands of persons so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b.   There are questions of law and fact common to all members of the Class, which questions predominate over any question affecting only individual Class Members.  These include the following questions of law and fact:

1)   Whether SETERUS entered into uniform Payment Reduction Plan agreements with Plaintiffs and Class Members;

2)   Whether SETERUS uniformly charged late fees on the reduced payment amounts agreed upon in the Payment Reduction Plans;

3)   Whether SETERUS uniformly charged late fees to timely payments made pursuant to Payment Reduction Plans;

4)   Whether SETERUS uniformly charged Plaintiffs and Class Members unexplained "other charges" in connection with their Payment Reduction Plans; and

5)   Whether SETERUS unilaterally and retroactively regressed Plaintiffs and Class Members' payment to the original amount due despite their making timely payments of the reduced payment amount during the trial period.

7

    c.    In addition, there are questions of law and fact common to all members of the Subclass, which questions predominate over any question affecting only individual Subclass Members. These include the following additional questions of law and fact:

        1)  Whether SETERUS engaged in acts and practices which are deceptive, unfair and/or unconscionable; and

        2)  Whether Plaintiffs and Subclass Members are entitled to damages, declaratory and injunctive relief pursuant to FDUTPA.

    a.    Defendant SETERUS has acted, or refused to act, on grounds generally applicable to the Class and Subclass in that it has engaged in a routine and systematic course of misconduct as described herein.

    b.    Injunctive and declaratory relief is appropriate with respect to the Class and Subclass as a whole as a result of the Defendant's routine and systematic course of conduct.

    c.    Plaintiffs' claims are typical of the claims of the proposed Class and Subclass Members.

    d.    Plaintiffs will fairly and adequately protect the interest of the Class and Subclass, and Plaintiffs have retained as counsel attorneys that are experienced in consumer, class action and complex litigation.

e.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

1) Given the size of the proposed Class and Subclass, individual joinder of each Class Member is impracticable;

2) Given the relatively small damages suffered by individual Class Members and Subclass Members, as well as the unlikelihood that many Class Members and Subclass Members will know their rights have been violated, most Class Members and Subclass Members have little ability to prosecute an individual action due to the complexity of issues involved in this litigation and the significant costs attendant to litigation on this scale;

3) When Defendant SETERUS' liability has been adjudicated as to the named Plaintiffs, the Court can determine the claims of all members of the Class and Subclass;

4) This action will cause an orderly and expeditious administration of the Class and Subclass claims, and economies of time, effort and expense will be fostered and uniformity of decision will be ensured;

5) Other available means of adjudicating the claims of Plaintiffs and Class Members and Subclass Members—such as thousands of individual actions brought separately and pursued

9

independently in courts throughout the country—are impracticable and inefficient;

6) Without a class action, Class Members and Subclass Members will continue to suffer damages and Defendant's violations of law will proceed without remedy; and

7) This action presents no difficulties that would preclude management by the Court as a class action.

## COUNT I
## (BREACH OF CONTRACT)

33.  Plaintiffs bring this claim on behalf of themselves and the Class.

34.  Plaintiffs re-allege the foregoing paragraphs as if fully set forth herein.

35.  Plaintiffs and SETERUS entered into a form Payment Reduction Plan whereby SETERUS agreed to accept a reduced monthly amount for Plaintiffs' and Class Members mortgage payment.

36.  The form Payment Reduction Plans entered into between SETERUS and Plaintiffs and Class Members are identical in all respects material and relevant to this action.

37.  Under the terms of the Payment Reduction Plan, SETERUS was required to accept the reduced payment amount in lieu of the original amount due under Plaintiffs' and Class Members' mortgage and note.

38.  SETERUS breached the Payment Reduction Plan by:

1) Assessing late fees on the reduced payment amount despite the fact that the reduced payments were timely made by Plaintiffs and Class Members;

2) Assessing "other charges" not authorized by the Payment Reduction Plan; and

3) Unilaterally and retroactively regressing Plaintiffs and Class Members' payment back to the original amount due under their mortgage and note, despite the fact that the reduced payments were timely made by Plaintiffs and Class Members.

39.     In addition, SETERUS breached Plaintiffs' original mortgage and note, as modified by the Payment Reduction Plan, by charging late fees despite the fact that the reduced payments were timely made by Plaintiffs and Class Members.

40.     As a direct and proximate result of SETERUS' foregoing breaches, Plaintiffs and Class Members have suffered damages.

41.     Plaintiffs, individually and on behalf of all others similarly situated, respectfully request judgment be entered in their favor, awarding compensatory damages, interest and costs, and such other relief as the Court deems just and proper.

## COUNT II
### (VIOLATION OF FDUTPA)

42.     Plaintiffs bring this claim on behalf of themselves and the Subclass.

43.     Plaintiffs re-allege the foregoing paragraphs as if fully set forth herein, and further states:

44.    SETERUS is subject to and must abide by the law of Florida, including Florida Statute § 501.204.

45.    SETERUS has violated Florida Statute § 501.204 by engaging in unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce as described above.

46.    SETERUS engaged in unconscionable, unfair and deceptive acts and practices by accepting Plaintiffs and Subclass Members' agreed upon reduced payments during the trial period of the Payment Reduction Plans, and then, despite their making the agreed upon modified payments, regressing their payments back to the original amounts and charging past due amounts, late fees and other charges.

47.    As a direct and proximate result of the unconscionable, unfair, and deceptive acts or practices alleged herein, Plaintiffs and the Class members have suffered damages.

**COUNT III**
**(VIOLATION OF FCCPA)**

48.    Plaintiffs re-allege the foregoing paragraphs as if fully set forth herein, and further state:

49.    SETERUS is a person regulated under Florida Statute §559.72 as they are engaged in or attempting to collecting a debt.

50.    Defendants are "persons" subject to Florida Statute § 559.72.

51.    SETERUS is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

52.     By accepting reduced payments from Plaintiffs during the trial period of the Payment Reduction Plans and then unilaterally reneging on its agreement, attempting to collect past due amounts, late charges and other fees, and regressing Plaintiffs' mortgage payments back to the original amount, SETERUS has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to harass and/or abuse the debtor or any member of the debtor's family.

53.     By attempting to collect amounts which were not due under the Payment Reduction Plan including allegedly past due amounts, late charges, others fees, and by regressing Plaintiffs' mortgage payments back to their original amount, despite SETERUS', SETERUS has violated Florida Statute §559.72(9), which forbids claiming, attempting, or threatening to enforce a debt when Defendant knows that the debt is not legitimate.

54.     SETERUS had knowledge that it was not authorized to collect late fees, or other charges with were not authorized by the Note, Mortgage or Payment Reduction Plan.

55.     SETERUS' actions have directly and proximately resulted in Plaintiffs' prior and continuous sustaining of damages as described by Florida Statute §559.77.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief against Defendant as follows:

    a.  Certify a plaintiff Class and Subclass as defined herein;

    b.  Appoint Plaintiffs Anthony Curatolo and Florence Curatolo a/k/a

Henrietta Curatolo as Class Representatives;

c.  Appoint Plaintiffs' counsel as Lead Class Counsel;

d.  Award Plaintiffs compensatory, actual and statutory damages as authorized by law;

e.  Award Plaintiffs equitable and injunctive relief as authorized by law;

f.  Grant Plaintiffs declaratory relief as authorized by law;

g.  Award Plaintiffs costs and attorneys' fees as authorized by law;

h.  Grant such other or further relief as allowed by law and as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated this 28 day of March, 2013.

Respectfully submitted,

J. ANDREW MEYER, Esq. FBN 56766
TAMRA GIVENS, Esq. FBN 657638
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4730
ameyer@forthepeople.com
tgivens@forthepeople.com